■ WILLIAM GINO, an Infant, by CHESTER GINO, Guardian ad Litem, Respondent, v. SYRACUSE MEMORIAL HOSPITAL, INC., Appellant.— Judgment affirmed, with costs. Memorandum: The judgment appealed from awarded damages to plaintiff for serious and permanently disabling injuries sustained because of the negligence of the hospital in failing to timely and properly treat him for a staphylococcus aureus infection which plaintiff had contracted within a few days following his birth. It is conceded that, for a stated sum, the hospital had agreed to provide " obstetrical, post-natal and pediatric care for the mother and child ". ¶ The evidence enabled the jury to find the following: Plaintiff was born July 22, 1956 and within four days an examination revealed a weight loss and the existence of jaundice. Blood was withdrawn by means of a puncture of the femoral vein for a bilirubin test. Four days later, plaintiff was permitted to go home and it was promptly discovered that the child would scream when touched on the left leg. The parents immediately contacted the hospital and an appointment was made to see a doctor the following day. Upon arrival at the hospital they were advised to return the next day. They returned at the appointed time and again the doctors were not available. At this point

the father insisted that some doctor on the staff see the baby, but he was advised that no doctor would be available for two days. Upon their return on this third occasion, a staff doctor examined the child and administered penicillin, which had no effect. On the following day the baby was returned to the hospital and the parents were unable to see a doctor, but were advised to leave the baby. On the following morning, a doctor examined the infant, aspirated purulent fluid from the hip, and decided to operate immediately. When the purulent fluid was cultured it proved to contain staphylococcus aureus. He drained the hip and placed the baby in a spira cast where he remained for two years. By the time the operation was performed, the infection process has caused irreparable damage to the head of the femur. As a result, plaintiff's left leg is two and a quarter inches shorter than the right leg, he wears a lift in his shoe, walks on his left toes, and will always have a limp. He also faces reconstructive hip surgery in the future. At the age of eight he again underwent surgery and was placed in a cast from his chest down both legs, for six months. ¶ The claim of negligence against the hospital as set forth in the second cause of action (and particularly by paragraphs Sixteenth, Twenty-Fourth, Twenty-Fifth, and Twenty-Sixth thereof) was properly submitted to the jury and they were adequately instructed as to the duties and obligations of the hospital. ¶ The evidence also enabled the jury to find that the hospital had negligently violated its duty to care for the plaintiff; that its failure to supply medical treatment on the occasions when appointments were not kept by its doctor, and its consequent delay in treating the plaintiff caused the increased and destructive damage to the femur; and, further, that they were proximate causes of the damages sustained. Furthermore, in these circumstances, the hospital should have been aware that something was seriously wrong with the infant. ¶ The verdict is amply supported by the record and we have concluded that the judgment should be affirmed. ¶ All concur, except Henry, J., who dissents and votes to reverse the judgment, dismiss the first cause of action, and grant a new trial as to the second cause of action, in the following memorandum: ¶ The judgment appealed from awarded damages to plaintiff against defendant Syracuse Memorial Hospital for staphylococcus aureus (staph) infection injuries sustained at the hospital and dismissed the action against codefendant Marie Barry who was employed by the hospital as a resident pediatrician. Plaintiff was born at the hospital on July 22, 1956. Four days thereafter Dr. Barry, in order to test plaintiff's blood, withdrew it by means of a puncture of plaintiff's femoral vein. Plaintiff, in his first cause of action, alleges that as a result of negligence in withdrawing the blood he sustained a staph infection of his left hip causing injuries to it. Appellant argues that the jury finding of no negligence on Dr. Barry's part precludes any finding of negligence against the hospital because there was no proof of any negligence against it aside from her acts. In view of the jury's finding as to Dr. Barry, respondent concedes that a verdict against appellant predicated on anything Dr. Barry did or did not do could not be sustained, but claims that the verdict is supported by proof under his second cause of action alleging a failure to attend him after he had been discharged from the hospital. In the second cause of action plaintiff alleges that Dr. Barry failed to keep an appointment on August 2, 1956 to examine plaintiff's hips; that defendants negligently failed to examine him until August 5, 1956 and that by reason of the delay his injuries were aggravated. While plaintiff adduced proof in support of his allegation that appellant delayed its examination of him for three days, and that such delay would hurt him, he adduced no proof of the extent of the aggra-

vation of his injuries which resulted from such delay or of the amount of damages caused by the delay. The trial court did not adequately submit the second cause of action for aggravation of plaintiff's injuries to the jury and refused plaintiff's requests to charge the jury as to liability and damages thereunder. Since that cause of action was not adequately submitted to the jury the verdict against appellant cannot be sustained upon any theory stated therein. There is proof in the record, however, indicating that upon a new trial liability under the second cause of action might well be established. Therefore, a new trial of the second cause of action should be had in the interests of justice. (Appeal from judgment of Onondaga Trial Term in negligence action.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Moule and Henry, JJ.